# In the United States Court of Federal Claims

No. 24-357
Filed: November 12, 2024†

| |
|---|
| **RBVETCO, LLC,** |
|         *Plaintiff*, |
| v. |
| **THE UNITED STATES,** |
|         *Defendant,* |
| and |
| **PERFORMANCEEPC – GREENLAND, JV, LLC,** |
|         *Intervenor-Defendant.* |

*D. Matthew Jameson III,* Burns White LLC, Pittsburgh, PA, for Plaintiff.

*William P. Rayel*, Senior Trial Counsel, with *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., with *Angela M. Diorio*, Of Counsel, Office of General Counsel, Department of Veterans Affairs, and *Christopher J. McClintock*, Of Counsel, Office of Litigation, Small Business Administration, for Defendant.

*Anthony H. Anikeef,* Williams Mullen, P.C., Tysons, VA, for Intervenor-Defendant.

---

† This Order was originally filed under seal on October 25, 2024, (ECF No. 63). The Court provided parties the opportunity to review this Order for any proprietary, confidential, or other protected information and submit proposed redactions. In a Joint Status Report filed November 8, 2024, (ECF No. 64), the parties indicated that no redactions were required.

**MEMORANDUM OPINION AND ORDER**

**TAPP, Judge.**

"Creativity is seeing what others see and thinking what no one else ever thought."[1] Here, Plaintiff examined well-established court rules and Supreme Court precedent, and crafted an argument claiming the opposite. While creative, this Court disagrees with Plaintiff's interpretations. This Court entered judgment in the instant case in favor of the Defendant and Intervenor-Defendant on July 16, 2024. (ECF Nos. 55, 58). On August 15, 2024, Plaintiff RBVetCo ("RBCG" or "Plaintiff") filed a Motion for Recommendation of Partial Attorney's Fees. (Pl.'s Mot., ECF No. 60).

This Court disagrees with Plaintiff's broad interpretation of the Tucker Act and holds that 28 U.S.C. § 1491(b)(2) does not grant the ability for the Court to award attorney's fees under the circumstances here. Nor may the Court repudiate established Supreme Court precedent to award attorney's fees to a losing party. Finally, this Court cannot find any legal basis for issuing a nonbinding recommendation for partial attorney's fees. Plaintiff's Motion is therefore **DENIED**.

## I.   Background[2]

Plaintiff filed its Complaint on March 6, 2024, alleging the VA erred by reaffirming an award to PerformanceEPC, LLC – Greenland, JV, LLC ("PGJV")—a joint venture between PerformanceEPC ("PEPC"), the protégé, and Greenland Enterprises, Inc. ("Greenland"), its mentor. (ECF No. 1). On March 28, 2024, the VA notified the Court and Plaintiff that it was taking corrective action, (ECF No. 17), and reaffirmed its award to PGJV. (Administrative Record ("AR") at 4521–48, ECF No. 24; ECF No. 22). The Court ultimately denied Plaintiff's claims. *RBVETCO, LLC v. United States*, 172 Fed. Cl. 566 (2024) (*see also* ECF No. 58). In doing so, the Court found that "the VA reasonably reviewed proposals and properly determined its award decision based on a best value tradeoff" thus finding for the United States and Intervenor-Defendant. *Id.* at 570.

On August 15, 2024, Plaintiff moved for attorney's fees based on Defendant's corrective action. (Pl.'s Mot.). The United States filed a robust response to Plaintiff's Motion on September 12, 2024. (Def.'s Resp., ECF No. 62).[3]

---

[1] This quote is widely attributed to Albert Einstein, though research suggests it may have originated with German philosopher Arthur Schopenhauer. *See* Arthur Schopenhauer, Parerga und Paralipomena: Kleine Philosophische Schriften 93 (A.W. Hayn, Vol. 2, 1851); Quote Investigator, *Research Is to See What Everybody Else Has Seen and Think What Nobody Has Thought* (2015), https://quoteinvestigator.com/2015/07/04/seen/#f+11586+1+1 (last visited Oct. 25, 2024).

[2] The relevant background of this case has been previously reported. *RBVETCO, LLC v. United States*, 172 Fed. Cl. 566 (2024) (*see also* ECF No. 58).

[3] Plaintiff did not reply to Defendant's Response.

## II.   Analysis

Plaintiff argues that the Court has authority to grant attorney's fees to a losing party under its rules and the Tucker Act; it requests that the Court recommend the United States pay RBCG's attorney's fees for drafting and filing the Complaint because it resulted in the VA's corrective action. (Pl.'s Mot. at 6–8). Plaintiff alleges that "the Government took the preemptive action of essentially awarding RBCG the relief that it had requested in its complaint" and Plaintiff "should not have to bear the burden and expense of correcting the VA's blatant error[.]" (*Id.* at 7–8).

The Tucker Act allows the Court to "award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2). Plaintiff would read the term "any relief" broadly enough to award attorney's fees in this case. (Pl.'s Mot. at 6). Plaintiff acquiesces that losing parties may not generally recover attorney's fees. (*Id.* (citing *Crawford v. United States,* 157 Fed. Cl. 741, 743 (2022)[4] and *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983))). Plaintiff notes that the Equal Access to Justice Act ("EAJA") "creates an exception to this general rule" but admits that it does not qualify as a "prevailing party." (*Id.*). Instead, Plaintiff uses the commentary to RCFC 54(d)(2) to allege that there are other "situations when a party should recover attorneys' fees outside of [EAJA]" and "[t]his is one of those situations." (*Id.*). Plaintiff draws support from 4 C.F.R. § 21.8(e) which grants permission for the Government Accountability Office ("GAO") to recommend partial attorney's fees in circumstances where the agency takes corrective action. (*Id.* at n.3).

The United States responded with two primary arguments: first, that the federal government has sovereign immunity against being ordered to pay attorney's fees, unless there has been an "unequivocally expressed" waiver (Def.'s Resp. at 6–7 (citing *Mote v. United States*, 110 F.4th 1345, 1352 (Fed. Cir. 2024) and *Ruckelshaus*, 463 U.S. at 685)); and second, that the Court is not authorized to recommend that the government pay attorney's fees to a losing party under 28 U.S.C. § 1491(b)(2). (*Id.* at 7). Specifically, the United States asserts that: (1) 28 U.S.C. § 1491(b)(2) only grants the Court authority to award relief on the merits of bid protests, not collateral motions; (2) even if § 1491(b)(2) addressed collateral motions, then it would expressly preclude the award of attorney's fees for litigation because it provides that "any monetary relief shall be limited to bid preparation and proposal costs"; and (3) Supreme Court precedent has established that it is improper to award attorney's fees to a losing party (*Id.* at 2 (citing *Ruckelshaus*, 463 U.S. at 685 for the "consistent, established rule" that "a successful party need not pay its unsuccessful adversary's fees.")). The United States also notes that the Plaintiff's interpretation of 4 C.F.R. § 21.8(e) is incomplete, and that the "GAO generally will not recommend that the agency pay attorney['s] fees if the agency takes prompt corrective action . . . *i.e.,* 30 days after receiving notice of the protest…" which was the case here. (*Id.*). The Court

---

[4] *Crawford v. United States,* 157 Fed. Cl. 741, 743 (2022) was overturned in 2023 by the Federal Circuit Court of Appeals which held that the appellant was a "prevailing party" under 28 U.S.C. § 2412(d)(1)(A) and therefore eligible to receive attorney's fees. *Crawford v. United States*, 66 F.4th 1339, 1343 (Fed. Cir. 2023).

agrees that Plaintiff's interpretation of the Tucker Act is overbroad, and that Supreme Court precedent prevents awarding attorney's fees to a losing party in this case.

Plaintiff's Motion hinges on a far-reaching interpretation of § 1491(b)(2) and RCFC 54 commentary. Case law does not support such an interpretation. Under the plain meaning rule of statutory construction, if a statute's meaning is clear, a court will interpret the statute according to the "ordinary meaning" of the text. *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) citing *BP America Production Co. v. Burton*, 549 U.S. 84, 91 (2006). Here, the statute expressly provides for three types of relief: (1) declaratory relief; (2) injunctive relief; and (3) bid preparation and proposal costs. § 1491(b)(2). The statute does not expressly include (or exclude) collateral relief such as motions for costs or attorney's fees under RCFC 54. *See White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451–52 (1982) (holding that attorney's fees are collateral). Therefore, the Court must "consider[] the purpose and context of the statute, and consult[] any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). The Court declines to extend the meaning of the phrase "any relief" in the Tucker Act to include an award of attorney's fees to Plaintiff based on Supreme Court precedent and context found in the RCFC.

The Court first turns to glaring case law. In *Ruckelshaus*, the U.S. Court of Appeals for the District of Columbia awarded attorney's fees to a losing party under § 307(f) of the Clean Air Act which permits the award of attorney's fees in certain proceedings "whenever [the court] determines that such an award is appropriate." 463 U.S. at 682–83 (citing 42 U.S.C.A. § 7607(f)). The Supreme Court reversed the lower court, holding that there must be "some degree of success on the merits" for a party to be awarded attorney's fees. *Id.* at 680. The Supreme Court analyzed "the American Rule" which holds that "even the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." (*Id.* at 683–84 (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). The Court noted that "[i]t is clear that generations of American judges, lawyers, and legislators, with this rule as the point of departure, would regard it as quite 'inappropriate' to award the 'loser' an attorney's fee from the 'prevailing litigant.'" *Id.* at 684. The Court also mentions that when Congress has elected to depart from this rule by statute, even those statutes require at least some success by the claimant. *Id.* Ultimately, the Court held that "a successful party need not pay its unsuccessful adversary's fees." *Id.* at 685.

Here, Plaintiff does not argue that they were successful on the merits of their bid protest—in fact, they agree that they were unsuccessful. (*See generally* Pl.'s Mot.). Instead, RBCG presents the Court with a hypothetical situation—*if* the government had not taken corrective action, *then* the bid protest would have "been permitted to be decided on its merits" and RBCG *would have* been considered a prevailing party. (Pl.'s Mot. at 7 n.4). However, in reality, the Court ruled in favor of the United States and Intervenor-Defendant. *See* 172 Fed. Cl. at 581. Plaintiff seems to urge the Court to draw the inference that the corrective action taken by the VA is analogous to a success on the merits, but Plaintiff does not cite to any precedent except for a GAO policy. (Pl.'s Mot. at 6 n.3). It is well settled that this Court is not bound by the views of the GAO. *See National Forge Co. v. United States*, 779 F.2d 665, 668 (Fed. Cir. 1985) (citing *Burroughs Corp. v. United States*, 617 F.2d 590, 597 (Ct. Cl. 1980)). Plaintiff does not distinguish their claim from *Ruckelshaus*, and the Court will not depart from established Supreme Court precedent by awarding attorney's fees to an unsuccessful party.

Plaintiff also alleges that the commentary to this Court's own rules provides an exception to award attorney's fees. (Pl.'s Mot. at 6). The commentary to RCFC 54(d)(2) states that "the allowance of attorneys' fees and costs in this court is almost always determined under the provisions of 28 U.S.C. § 2412(a), (d) [EAJA]." RCFC 54 (Rules Committee Note 2002 Revision). Under EAJA, except as otherwise provided by statute, attorney's fees may be awarded only to prevailing parties in civil actions brought by or against the United States. 28 USC § 2412(a). However, as both the Plaintiff and the United States point out, Plaintiff is not a prevailing party under EAJA. (Pl.'s Mot. at 6; Def.'s Resp. at 1, 9). Undeterred, Plaintiff argues that the phrase "almost always determined" in RCFC 54(d)(2) indicates that there are "certain situations when a party should recover attorney's fees outside of the [EAJA]." (Pl.'s Mot. at 6).

The Court agrees that it may award attorney's fees outside of EAJA but disagrees that any of those situations apply here. Notably, the RCFC reference two non-EAJA instances for this Court to award attorney's fees, neither of which include an award of attorney's fees to a losing party. RCFC 23 (Rules Committee Note 2008 Amendment) ("by the parties' agreement"); RCFC 11, 30, 37 ("sanctions"). Unless based in another statutory scheme, Rule 54(d)(2) commentary extends non-EAJA award of attorney's fees to agreements between parties and to instances of attorney sanctions. In addition to the Supreme Court precedent established in *Ruckelshaus*, the Court finds that a straightforward reading of the Court's rules precludes an award of attorney's fees to the Plaintiff.

Plaintiff attempts to analogize relief available at the GAO with the relief available at this Court. (Pl.'s Mot. at 6 n.3). Plaintiff argues that under 4 CFR § 21.8(e), "[i]f the agency decides to take corrective action in response to a protest, GAO may recommend that the agency pay the protester the reasonable costs of filing and pursuing the protest, including attorney's fees and consultant and expert witness fees." (*Id.*). While the Court of Federal Claims and the GAO both have jurisdiction to hear bid protests, one a judicial function the other administrative, this Court is not bound by the GAO nor by 4 CFR § 21.8(e). The United States also argues against Plaintiff's reliance on this GAO regulation, emphasizing that it only applies when the agency "unduly delayed taking corrective action in the face of a clearly meritorious protest." (Def.'s Resp. at 12 (case citation omitted)). Even if the Court were compelled by Plaintiff's argument, the VA made its corrective decision approximately three weeks after the protest was filed and before filing the administrative record. (Def.'s Resp. at 13; ECF Nos. 1, 17; AR 4466). This was not at issue before the Court, and the Court will not endeavor to turn over every stone in the parties' arguments when such clear guidance from the Supreme Court and the Court's rules exists.

Additionally, the Court notes the futility of issuing a nonbinding "recommendation" to the United States Government. Defendant cites the Federal Circuit for the proposition that "declaratory judgment is not available as an academic exercise[.]" (Def.'s Resp. at 10 (citing *PGBA, LLC v. United States*, 389 F.3d 1219, 1228 (Fed. Cir. 2004))). The Court agrees that delivering a recommendation for the award of partial attorney's fees is similarly unproductive. It is unclear what, if any, possible impact the Court's "recommendation" would have on the United States, and the Court is unwilling to participate in an experiment so antithetical to judicial economy. Given the findings herein, the Court will not address Defendant's remaining arguments, which are appreciated but superfluous.

5

### III. Conclusion

Accordingly, the Court **DENIES** RBCG's Motion for Recommendation of Partial Attorney's Fees. (ECF No. 60). The parties shall meet and confer and file a Joint Status Report proposing redactions to this memorandum opinion and order by **November 8, 2024**, to allow the Court to file a public version.

**IT IS SO ORDERED.**



s/      David A. Tapp
DAVID A. TAPP, Judge